UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
ROCHESTER DIVISION

| | |
|---|---|
| Marykae Davis, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>- against -<br><br>The Pur Company (USA) Inc.,<br><br>                Defendant | 6:22-cv-06430<br><br>Class Action Complaint<br><br>Jury Trial Demanded |

Plaintiff alleges upon information and belief, except for allegations about Plaintiff, which are based on personal knowledge:

1. The Pur Company (USA) Inc. ("Defendant") manufactures, packages, labels, markets, and sells various flavors of gum under the PÜR brand ("Product").



2. According to research by Mintel, the source of a food's taste is an important factor when consumers are deciding what to buy.

3. Consumers prefer foods which get their taste from ingredients because they have

nutritive value, are more natural, less processed and/or not exposed to additives and solvents used in manufacturing flavoring substances.

4. "Natural flavor" is the term used to refer to a concentrated, compounded and synthesized blend of extractives, oils, and essences from ingredients that may include some peppermint, mixed with solvents and additives in a laboratory. *See* 21 C.F.R. § 101.22(a)(3).

5. The Product's primary or "characterizing" flavor is peppermint because the label makes this "direct [] representation[s]" through the word "peppermint." 21 C.F.R. § 101.22(i).

6. Federal and identical state regulations require the Product to disclose the source of its characterizing peppermint taste on the front label, i.e., from peppermint ingredients or natural flavor from peppermint or other natural sources. 21 C.F.R. § 101.22(i).

7. By representing the Product as "peppermint" without any qualifying terms, consumers and Plaintiff expected its taste was from peppermint ingredients.

8. However, the ingredient list in small print on the edge of the package does not identify any peppermint ingredients, and the only ingredient which can provide the peppermint taste is "natural flavors."



**Ingredients:**
xylitol, gum base, gum arabic, natural flavors, glycerol, carnauba wax, tocopherols.

9. According to flavor expert Bob Holmes, if the Product provided "all the flavor depth" of peppermint, the ingredients would list "peppermint extract" or "peppermint oil" instead of "natural flavors."

10. Because peppermint extract or peppermint oil is not a separately identified ingredient, it means that any real peppermint, if present, is at trace or de minimis levels as part of the natural flavor ingredient.

11. The added natural flavors are less expensive and more concentrated than real peppermint, so less of it needs to be used.

12. The Product contains other representations and omissions which are false and misleading.

13. Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers.

14. As a result of the false and misleading representations, the Product is sold at a premium price, approximately no less than $2.59 for nine pieces, excluding tax and sales, higher than similar products, represented in a non-misleading way, and higher than it would be sold for absent the misleading representations and omissions.

## Jurisdiction and Venue

15. Jurisdiction is based on the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

16. The aggregate amount in controversy exceeds $5 million, including any statutory or punitive damages, exclusive of interest and costs.

17. Plaintiff is a citizen of Horseheads, New York, Chemung County.

18. Defendant is a Delaware corporation with a principal place of business in East Lansing, Michigan, Ingham County.

19. The class of persons Plaintiff seeks to represent includes persons who are citizens of different states from which Defendant is a citizen.

20. The members of the proposed classes Plaintiff seeks to represent are more than 100, because the Product is sold at thousands of locations, including grocery stores, convenience stores, dollar stores, drug stores, big box stores, and/or online, in the States of the proposed classes.

21. Venue is in this District and assignment is to the Rochester Division because Plaintiff resides in Chemung County, and the representations, omissions, and reliance on them and awareness they were misleading, occurred here.

## Parties

22. Plaintiff Marykae Davis is a citizen of Horseheads, New York, Chemung County.

23. Defendant The Pur Company (USA) Inc. is a Delaware corporation with a principal place of business in East Lansing, Michigan, Ingham County.

24. Defendant is the number one seller of aspartame-free gum and mints in flavors including peppermint, spearmint and pomegranate.

25. Plaintiff read and relied on the word, "Peppermint" and believed the Product's peppermint taste was from peppermint.

26. Plaintiff is part of the majority of consumers who prefer foods which get their taste from their ingredients, for the reasons indicated.

27. Plaintiff did not expect the peppermint taste was not from peppermint ingredients, because, in her experience, this is disclosed to consumers by qualifying terms on the front label such as "natural peppermint flavor."

28. Plaintiff relied on the words, terms coloring, descriptions, layout, packaging, and/or images on the Product, on the labeling, statements, omissions, claims, statements, and instructions, made by Defendant or at its directions, in digital, print and/or social media, which accompanied the Product and separately, through in-store, digital, audio, and print marketing.

29. Plaintiff purchased the Product on one or more occasions within the statutes of limitations for each cause of action alleged, at stores in Chemung County, between July and August 2022, and/or among other times.

30. Plaintiff bought the Product at or exceeding the above-referenced price.

31. Plaintiff chose between Defendant's Product and products represented similarly, but which did not misrepresent their attributes, requirements, instructions, features, and/or components.

32. Plaintiff paid more for the Product than she would have paid had she known the representations were false and misleading, as she would not have bought it or paid less.

## Class Allegations

33. Plaintiff seeks certification under Fed. R. Civ. P. 23 of the following classes:

> **New York Class:** All persons in the State of New York who purchased the Product during the statutes of limitations for each cause of action alleged; and
>
> **Consumer Fraud Multi-State Class**: All persons in the States of Alabama, Wyoming, Montana, Alaska, Texas, Arizona, New Mexico, Mississippi, Utah, Nebraska, South Carolina, Tennessee, and West Virginia who purchased the Product during the statutes of limitations for each cause of action alleged.

34. Common questions of issues, law, and fact predominate and include whether Defendant's representations were and are misleading and if Plaintiff and class members are entitled to damages.

35. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair, misleading, and deceptive representations, omissions, and actions.

36. Plaintiff is an adequate representative because her interests do not conflict with other members.

37. No individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable.

38. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

39. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

New York General Business Law ("GBL") §§ 349 and 350

40. Plaintiff incorporates by reference all preceding paragraphs.

41. Plaintiff relied on the representations and omissions to believe the Product's peppermint taste was from peppermint ingredients.

42. Plaintiff and class members were damaged by paying more for the Product than they would have if they knew the present facts.

Violation of State Consumer Fraud Acts
(Consumer Fraud Multi-State Class)

43. The Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class are similar to the consumer protection statute invoked by Plaintiff and prohibit the use of unfair or deceptive business practices in the conduct of commerce.

44. The members of the Consumer Fraud Multi-State Class were harmed in the same manner as Plaintiff, and reserve their rights to assert their consumer protection claims under the Consumer Fraud Acts of the States they represent and/or the consumer protection statutes invoked by Plaintiff.

Breaches of Express Warranty,
Implied Warranty of Merchantability/Fitness for a Particular Purpose and
Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*

45. The Product was manufactured, identified, marketed, and sold by Defendant and

expressly and impliedly warranted to Plaintiff and class members that its peppermint taste was from peppermint ingredients.

46. Defendant directly marketed the Product to Plaintiff and consumers through its advertisements and marketing, through various forms of media, on the packaging, in print circulars, direct mail, and targeted digital advertising.

47. Defendant knew the product attributes that potential customers like Plaintiff were seeking, such as foods which got their characterizing taste from ingredients instead of added flavoring, and developed its marketing and labeling to directly meet those needs and desires.

48. The representations were conveyed in writing and promised the Product would be defect-free, and Plaintiff understood this meant its peppermint taste was from peppermint ingredients.

49. Defendant described the Product so Plaintiff believed it contained the characterizing ingredient of peppermint, which became part of the basis of the bargain that it would conform to its affirmations and promises.

50. Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

51. This duty is based on Defendant's outsized role in the market for this type of product, custodian of the Pur brand.

52. Plaintiff recently became aware of Defendant's breach of the Product's warranties.

53. Plaintiff provides or will provide notice to Defendant, its agents, representatives, retailers, and their employees that it breached the Product's express and implied warranties.

54. Defendant received notice and should have been aware of these issues due to complaints by third-parties, including regulators, competitors, and consumers, to its main offices,

and by consumers through online forums.

55. The Product did not conform to its affirmations of fact and promises.

56. The Product was not merchantable because it was not fit to pass in the trade as advertised, not fit for the ordinary purpose for which it was intended and did not conform to the promises or affirmations of fact made on the packaging, container, or label, because it was marketed as if it contained the characterizing ingredient of peppermint.

57. The Product was not merchantable because Defendant had reason to know the particular purpose for which the Product was bought by Plaintiff, because she expected it contained the characterizing ingredient of peppermint, and relied on Defendant's skill and judgment to select or furnish such a suitable product.

### Negligent Misrepresentation

58. Defendant had a duty to truthfully represent the Product, which it breached.

59. This duty is based on its position, holding itself out as having special knowledge and experience in this area, custodian of the Pur brand.

60. The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in Defendant, a recognized and trusted brand.

61. Plaintiff reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, her purchase of the Product.

### Fraud

62. Defendant misrepresented and omitted the source of the Product's peppermint taste because it was labeled as "peppermint" but did not contain peppermint ingredients.

63. Defendant was aware of consumer preferences for foods which get their taste from characterizing ingredients.

Unjust Enrichment

64. Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying Plaintiff as representative and the undersigned as counsel for the class;
2. Awarding monetary, statutory, and/or punitive damages pursuant to law;
3. Awarding costs and expenses, including reasonable fees for Plaintiff's attorneys and experts; and
4. Other and further relief as the Court deems just and proper.

Dated:   October 10, 2022

Respectfully submitted,

/s/Spencer Sheehan
Sheehan & Associates, P.C.
60 Cuttermill Rd Ste 412
Great Neck NY 11021
(516) 268-7080
spencer@spencersheehan.com