UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARYKAE DAVIS, individually and on behalf
of all others similarly situated,

                                       Plaintiff,

                                                                                                   <u>DECISION AND ORDER</u>

                                                                                                   22-CV-6430L

            v.

THE PUR COMPANY (USA), INC.,

                                       Defendant.
_____

       Plaintiff, on behalf of herself and a putative class of individuals who purchased the subject product throughout the United States (except in, Delaware where defendant is headquartered), brings this action against The Pur Company ("defendant"). Plaintiff alleges that defendant manufactured, marketed and sold packages of peppermint chewing gum (the "Product") which derived their peppermint flavoring from "natural flavors," and allegedly did not contain "any real peppermint" except at "trace or de minimis levels as part of the natural flavor[s]." (Dkt. #1 at ¶10).

       Plaintiff asserts causes of action for deceptive marketing under N.Y. General Business Law ("GBL") §§349 and 350, breach of express warranty, breach of the implied warranty of merchantability, violation of the Magnuson Moss Warranty Act, 15 U.S.C. §2301 et seq. ("MMWA"), negligent misrepresentation, fraud, and unjust enrichment, and seeks compensatory, statutory, and punitive damages. (Dkt. #1).

       Defendant now moves to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6). (Dkt. #8). For the reasons that follow, that motion is granted.

**FACTUAL BACKGROUND**

Plaintiff alleges that she purchased the Product "on one or more occasions within the statutes of limitations for each cause of action alleged, at stores in Chemung County, [New York], between July and August 2022, and/or among other times." (Dkt. #1 at ¶29). She also alleges that at some point, she read and relied upon the label's use of the word "peppermint," which she interpreted as a representation that the Product derived its peppermint taste solely from the use of "real peppermint," in the form of peppermint extract or peppermint oil. (Dkt. #1 at ¶¶10, 25). Plaintiff claims that according to a professional "flavor expert," if the Product was to deliver "all the flavor depth" of peppermint, then peppermint extract or peppermint oil, and not "natural flavors," were required. (Dkt. #1 at ¶9). Plaintiff contends that, had she known that the Product's peppermint flavor was not derived solely from peppermint oil or peppermint extract but instead from the addition of "natural flavors," she would have paid less for it. (Dkt. #1 at ¶¶25, 27, 32).[1]

**DISCUSSION**

**I.   Relevant Standards**

In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the United States Supreme Court described the standard to be applied to a 12(b)(6) motion:

---

[1] As the Court has previously observed, plaintiff's counsel and his firm have made misleading labeling claims somewhat of a cottage industry, having filed over 70 such cases in the Second Circuit, and dozens more in other circuits nationwide. The overwhelming majority have already been dismissed. *See, e.g., Devey v. Big Lots Inc.*, 2022 U.S. Dist. LEXIS 186865 (W.D.N.Y. 2022) dismissing claims of fraud, negligent misrepresentation, breach of express and implied warranty, unjust enrichment, and/or violation of New York's GBL, pertaining to coffee label yield statement); *Gordon v. Target Corp.*, 2022 U.S. Dist. LEXIS 48769 (S.D.N.Y. 2022) (same; toddler beverage); *Brown v. Kerry Inc.*, 2022 U.S. Dist. LEXIS 39976 (S.D.N.Y. 2022) (same; beverage); *Mitchell v. Whole Foods Mkt. Gp., Inc.*, 2022 U.S. Dist. LEXIS 38737 (S.D.N.Y. 2022) (same; ice cream bars); *Turnipseed v. Simply Orange Juice Co.*, 2022 U.S. Dist. LEXIS 38823 (S.D.N.Y. 2022) (same; almond milk); *Brown v. Kellogg Sales Co.*, 2022 U.S. Dist. LEXIS 60748 (S.D.N.Y. 2022) (same; Pop-Tarts); *Beers v. Mars Wrigley Confectionery US, LLC*, 2022 U.S. Dist. LEXIS 28898 (S.D.N.Y. 2022) (same; ice cream); *Santiful v. Wegmans Food Markets, Inc.*, 2022 U.S. Dist. LEXIS 15994 (S.D.N.Y. 2022) (same; cake mix); *Bynum v. Family Dollar Stores, Inc.*, 2022 U.S. Dist. LEXIS 49968 (same; almonds); *Twohig v. Shop-Rite Supermarkets, Inc.*, 519 F. Supp. 3d 154 (S.D.N.Y. 2021) (same; soy milk); *Warren v. Whole Foods Mkt. Gp., Inc.*, 574 F. Supp. 3d 102 (E.D.N.Y.2021) (same; oatmeal); *Steele v. Wegmans Food Markets, Inc.*, 472 F. Supp. 3d 47 (S.D.N.Y. 2020) (same; ice cream); *Cosgrove v. Blue Diamond Growers*, 2020 U.S. Dist. LEXIS 229294 (S.D.N.Y. 2020) (same; almond milk).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the grounds of h[er] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id*. at 555 (citations and internal quotations omitted).

When applying this standard, the Court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the plaintiff, as the nonmoving party. *See Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999), *cert. den.*, 531 U.S. 1052 (2000).

**II.      Whether Plaintiff Has Plausibly Alleged A Material Misrepresentation**

It is well settled that in matters alleging deceptive labeling, a court may find, as a matter of law, that an allegedly deceptive label would not have misled a reasonable consumer, with respect to a matter they would find to be material. *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013). Determining whether a product label is misleading is an objective test which considers the entire label in context, and liability is "limited to those [representations] likely to mislead a reasonable consumer acting reasonably under the circumstances." *Cosgrove*, 2020 U.S. Dist. LEXIS 229294 at *7 (quoting *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y. 2d 20 (N.Y. 1995)). Accordingly, "plaintiffs must do more than plausibly allege that a label might conceivably be misunderstood by some few consumers. Instead, [p]laintiffs must plausibly allege that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Lugones v. Pete & Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 242 (S.D.N.Y. 2020)(internal quotation marks omitted)(quoting *Jessani v. Monini N. Am., Inc.*, 744 F. App'x 18, 19 (2d Cir. 2018)).

3

Initially, defendant argues that plaintiff's claims must be dismissed, because even assuming the truth of plaintiff's conclusory averments that the Product does not contain more than trace amounts of "peppermint ingredients," and that flavoring sources are a matter that reasonable consumers find to be material, plaintiff has failed to plausibly allege that a reasonable consumer would have been misled by the Product labeling. Specifically, defendant suggests that a reasonable consumer would understand that the word "peppermint" on a package of chewing gum is an indication that the gum is peppermint *flavored*, and not that it contains peppermint oil or extract as the sole source of that flavor – particularly where "natural flavors," and not peppermint oil or extract, are listed among the ingredients printed on the same label.

The Court agrees.

Courts addressing similar claims in this Circuit have consistently held that "no reasonable consumer would understand the representations on [a] Product's label to mean" that an advertised flavor represents a product's sole or main ingredient. *See Mitchell*, 2022 U.S. Dist. LEXIS 38737 at *11 (no reasonable consumer would understand a product label with the words "chocolate" and "chocolate coating" to mean that the coating contained *only* chocolate); *Cruz v. D.F. Stauffer Biscuit Co.*, 2022 U.S. Dist. LEXIS 178637 at *11-*12 (S.D.N.Y. 2022)( plaintiff cannot plausibly allege that reasonable consumers purchasing "lemon cookies" would expect the cookies' flavor to be "derived entirely or predominantly from real lemons or from natural, non-artificial ingredients," particularly where the ingredients list did not identify any).

The lengthy line of "vanilla" cases in this Circuit is highly instructive. Many have involved claims brought by the same law firm that represents plaintiff, alleging that labels for various products containing the word "vanilla" were misleading, because those products contained sources of vanilla flavor other than pure vanilla beans or vanilla extract. Courts considering those claims

4

have consistently dismissed them as insufficiently stated, finding that the plain meaning of the word "vanilla," as understood by a reasonable consumer, can be understood to denote a product's flavor rather than its ingredients, and that therefore, it is not misleading for a product to be labeled "vanilla" even where it lacks actual vanilla beans or vanilla bean extract. *See e.g.*, *Wynn v. Topco Assocs., LLC,* 2021 U.S. Dist. LEXIS 9714 at *8 (S.D.N.Y. 2021)(dismissing deceptive labeling claims as insufficiently stated, where plaintiffs failed to plausibly allege that a reasonable consumer would read the word "vanilla" on the front label of a package of almond milk to mean that its flavor was derived exclusively from natural vanilla extract); *Steele*, 472 F. Supp. 3d 47, 49-51 (dismissing deceptive labeling claims for vanilla ice cream as insufficiently stated, because the word "vanilla" is not deceptive so long as the ice cream is indeed "vanilla flavored," regardless of whether it contains actual vanilla or vanilla bean extract); *Cosgrove*, 2020 U.S. Dist. LEXIS 229294 at *7 (dismissing misleading claims related to vanilla almond milk, because "[t]he Court finds the Product is not misleading because a reasonable consumer would associate the representation of "Vanilla" – with no additional language modifiers – to refer to a flavor and not to vanilla beans or vanilla extract as an ingredient"); *Pichardo v. Only What You Need, Inc.*, 2020 U.S. Dist. LEXIS 1999791 at *6-*7 (S.D.N.Y. 2020)(dismissing misleading labeling claims on the basis that no reasonable consumer would be misled by label representing beverage as "smooth vanilla," into thinking that the product's flavor was derived solely from vanilla extract, where the term "vanilla extract" did not appear anywhere on the label).

The same reasoning applies here, given that the word "peppermint," like the word "vanilla," can be used and commonly understood to refer to a product's scent or flavor: it does not, by itself, necessarily promise the inclusion of any particular ingredient. *See DeMaso v. Walmart Inc.*, 2023 U.S. Dist. LEXIS 20316 at *9-*10 (N.D. Ill. 2023)(dismissing misleading labeling

5

claims for "Fudge Mint" cookies that are flavored solely with artificial flavoring, because the word "mint," even where displayed with pictures of mint leaves, on green packaging, only "promises a flavor" rather than an ingredient). A consumer purchasing the Product at issue here "is looking, first and foremost," for chewing gum, and the word "peppermint" on the front of the Product's label "allows the consumer to quickly understand the flavor . . . and differentiate between products . . . The Product makes no additional representations about how that flavor is achieved." *Cosgrove*, 2020 U.S. Dist. LEXIS 229294 at *7-*8.

For these reasons, I find that a reasonable consumer, acting reasonably under the circumstances, would not be misled by the Product label's use of the word "peppermint," into believing that the Product's flavor was derived solely from peppermint components such as peppermint oil or peppermint extract. This is particularly so in the context of the label as a whole, since any consumer who was confused about whether the front label was designating a flavor, an ingredient, or both, could simply read the Product's listed ingredients, which do not include peppermint oil or peppermint extract. *See generally Fink*, 714 F.3d 739 at 742 ("in determining whether a reasonable consumer would have been misled by a particular advertisement, context is crucial"); *Gordon*, 2022 U.S. Dist. LEXIS 48769 at *32-*33 (courts view "each allegedly misleading statement in light of its context on the product label . . . as a whole")(citation omitted). To the extent that a reasonable consumer would or could interpret the label as a promise of peppermint flavor, plaintiff makes no claim that the Product does not actually taste like peppermint. *See e.g. Wallace v. Wise Foods, Inc.*, 2021 U.S. Dist. LEXIS 138910 at *4-*5 (S.D.N.Y. 2021)(dismissing deceptive labeling claims for "Cheddar & Sour Cream Flavored" potato chips that also contained artificial flavorings, where there was no claim that the chips did

not actually taste like cheddar and sour cream, and "[n]othing in the label states or implies that the chips' flavor is derived entirely from cheddar and sour cream").

Accordingly, the Court finds, as a matter of law, that the Product's label would not have misled a reasonable consumer, acting reasonably under the circumstances. Because all of plaintiff's claims hinge on establishing such a misrepresentation, they must all be dismissed.[2]

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss the complaint (Dkt. #8) is granted, and the complaint is dismissed in its entirety, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
April 20, 2023.

---

[2] Each of plaintiff's claims fails for other and further reasons, as well.

Her N.Y. GBL claims lack plausible factual allegations concerning "where, when and how [she] came to view" the allegedly misleading label, and whether her alleged reliance upon it preceded her purchase(s) of the Product. *Oden v. Boston Scientific Corp.*, 330 F. Supp. 3d 877, 902 (E.D.N.Y. 2018).

Plaintiff's state law breach of warranty and breach of implied warranty claims are insufficiently stated, due to plaintiff's failure to plead compliance with pre-suit notice requirements, and her breach of the implied warranty of merchantability claim is further defective due to her failure to plead that the Product was unfit for human consumption. *See Grossman v. Simply Nourish Pet Food Co.*, 516 F. Supp. 3d 261, 283 (E.D.N.Y. 2021).

Plaintiff's failure to sufficiently state claims under New York law is fatal to her MMWA claim. *See Garcia v. Chrysler Gp. LLC*, 127 F. Supp. 3d 212, 232 (S.D.N.Y. 2015).

For purposes of a negligent misrepresentation claim, plaintiff has neglected to allege the existence of a special relationship. *See Stoltz v. Fage Dairy Processing Indus., S.A.*, 2015 U.S. Dist. LEXIS 126880 at *76-*77 (E.D.N.Y. 2015); *Segedie v. Hain Celestrial Gp., Inc.*, 2015 U.S. Dist. LEXIS 60739 at *36 (S.D.N.Y. 2015).

Plaintiff also alleges no facts indicating fraudulent intent, which is required to satisfy the heightened pleading standard applicable to fraud claims in the Second Circuit. *See Brown*, 2022 U.S. Dist. LEXIS 39976 at *14; *Santiful*, 2022 U.S. Dist. LEXIS 15994 at *22.

Finally, plaintiff's unjust enrichment claim must also be dismissed, as duplicative of her other claims. See *Brady v. Anker Innovations Ltd.*, 2020 U.S. Dist. LEXIS 5672 at *29 (S.D.N.Y. 2020).